972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert J. ROYBAL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 91-2290.
 United States Court of Appeals, Tenth Circuit.
 July 29, 1992.
 
 Before JOHN P. MOORE, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Robert J. Roybal appeals from an order of the district court denying his Motion to Remand for a Rehearing and the Taking of Additional Evidence, and affirming the final decision of the Secretary denying his claim for disability insurance benefits. Finding no error, we affirm.
 
 
 3
 On August 25 and 26, 1987, Roybal applied for supplemental security income benefits under § 1602 of Title XVI of the Social Security Act, 42 U.S.C. § 1381a, and disability insurance benefits under §§ 216(a) and 223 of Title II of the Act, 42 U.S.C. §§ 416(i) and 423, asserting that he was rendered disabled on May 6, 1986, by various physical and mental impairments. After a hearing, the administrative law judge issued a decision dated January 23, 1989, that Roybal was not disabled within the meaning of the Act and therefore was not entitled to benefits. The Appeals Council denied Roybal's request for review. As a result, the decision of the ALJ became the final decision of the Secretary.
 
 
 4
 Roybal then sought review in the district court pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Roybal contended that the ALJ failed to adequately complete the record before making his determination by accepting an incomplete psychiatric exam and not ordering additional psychological testing, and that additional evidence offered by Roybal to the district court provided a basis for remand in any event.
 
 
 5
 The district court carefully reviewed the record and Roybal's additional evidence in light of Roybal's contentions and the applicable law. In its Memorandum Opinion and Order entered October 31, 1991, the district court found, as had the ALJ, that the consultative psychiatric exam ordered by the ALJ was adequate, and that further psychological testing would not be helpful in determining whether Roybal was disabled because the consulting psychiatrist stated in his report that Roybal's "main problems [were] of a physical nature." Appellant's App. at 8, 10, 81. The court also found that the additional evidence offered by Roybal was not "new" or "material," as required by 42 U.S.C. § 405(g) to support remand, because the diagnosis of Post Traumatic Stress Disorder it included had also been included in the consultative psychiatric report presented to the ALJ. Appellant's App. at 10-11, 81. The court therefore affirmed the final decision of the Secretary and denied Roybal's Motion to Remand. The court's discussion of both issues was thorough and well-reasoned.
 
 
 6
 Roybal makes the same arguments on appeal as in the district court. We have examined the record and Roybal's additional evidence and affirm the order of the district court denying Roybal's Motion to Remand for a Rehearing and the Taking of Additional Evidence and affirming the final decision of the Secretary, for substantially the same reasons set forth in the court's Memorandum Opinion and Order, entered October 31, 1991, a copy of which is attached.
 
 
 7
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3